UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KAYMBU, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:23-cv-11245-IT |
| | * | |
| HIGHSCOPE EDUCATIONAL, | * | |
| RESEARCH FOUNDATION, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 6, 2023

TALWANI, D.J.

Plaintiff Kaymbu, Inc. ("Kaymbu") filed a Complaint [Doc. No. 1] in this court on June 1, 2023. Pending before the court is Defendant HighScope Educational Research Foundation's ("HighScope") Motion to Transfer Venue (the "Motion") [Doc. No. 6] to the Eastern District of Michigan, Southern Division. HighScope also seeks costs and attorney fees. The Motion [Doc. No. 6] is GRANTED as to the request to transfer for the reasons set forth herein, and this action is transferred to the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. § 1404(a). The request for costs and fees is DENIED.

**I.   Background**

In this action, Kaymbu brought claims related to a licensing agreement with HighScope. Compl. ¶¶ 16-17 [Doc. No. 1]. Kaymbu alleges that venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred in this district" or under 28 U.S.C. § 1391(b)(3) because HighScope is subject to personal jurisdiction in the District of Massachusetts. Compl. ¶ 14 [Doc. No. 1]. HighScope, a Michigan corporation with a principal place of business in

Washtenaw County, Michigan, contends that a valid and mandatory forum-selection clause in the licensing agreement requires venue in the Eastern District of Michigan, Southern Division (Ann Arbor courthouse), and seeks transfer pursuant to 28 U.S.C. § 1404(a). Mot. to Transfer Venue [Doc. No. 6]. Kaymbu does not challenge the validity or mandatory nature of the forum-selection clause, only HighScope's interpretation of the clause. Pl.'s Mem. in Opp. 5-6 [Doc. No. 9].

## II.     Standard of Review

A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is the appropriate mechanism by which to enforce a forum-selection clause that points to another federal forum. See Atl. Marine Const. Co. v. United States Dist. Court for W. Dist. of Tex., 571 U.S. 49, 59-60 (2013). Under § 1404(a), a district court may transfer a civil action to any other district or division to which all parties have consented or to any other district or division where the action may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). While a plaintiff's choice of forum is ordinarily entitled to some deference, the calculus fundamentally changes in the presence of a valid forum-selection clause. See Atl. Marine, 571 U.S. at 63. Accordingly, "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 59-60 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). In addition, "the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. at 51. Forum-selection clauses are "'prima facie valid,'" and should not be set aside unless a plaintiff makes a "'strong showing'" that the clause is "'unreasonable' under the circumstances." Claudio-de Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 48 (1st Cir. 2014) (citations omitted).

**III. Discussion**

The parties do not dispute the validity or mandatory nature of the forum-selection clause, so the question here is solely of contract interpretation. The forum-selection clause at issue reads:

> Any legal suit, action or proceeding arising out of or related to this Agreement or the rights granted hereunder shall be instituted exclusively in the federal courts of the United States or the courts of the state of organization of the defending party in such proceedings, in each case located in the city of the defending party's choosing within such state. Each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

Mot. to Transfer Venue Ex. 1 ¶ 16.5 [Doc. No. 6-1].

HighScope reads the clause to say that any action must be brought in either federal or state court in the city of defendant's choosing in its state of organization. See Mot. to Transfer Venue ¶¶ 2-7. Kaymbu, on the other hand, interprets the clause to require that suit be brought in the city of defendant's choosing in its state of organization only when the action is brought in state court, otherwise any federal district court is an acceptable venue. Pl.'s Mem. in Opp. 8 [Doc. No. 9].

The plain language of the forum-selection clause supports HighScope's position. The clause sets out two types of courts in which an action may be instituted – federal court or state court in the defendant's state of organization. Mot. to Transfer Venue Ex. 1 ¶ 16.5 [Doc. No. 6-1]. The clause then states that "in each case" the court must be located in the city of defendant's choosing within that state. Id. Were the city restriction applicable only to suits brough in state, rather than federal, court, the language "in each case" would be meaningless.

The plain and unambiguous language of the forum-selection clause required Kaymbu to initiate this action in the city of HighScope's choosing within Michigan. See Mot. to Transfer Venue ¶ 6 n.1 [Doc. No. 6]. Kaymbu has not demonstrated that "transfer to the forum for which the parties bargained is unwarranted." Atl. Marine, 571 U.S. at 51. The claim that "a dispute

3

could arise with a set of witnesses and a locus of operative facts in any number of locations[]" does not tend to favor the District of Massachusetts over the Eastern District of Michigan. Pl.'s Mem. in Opp. 10-11 [Doc. No. 9] (quoting <u>Nymbus, Inc. v. Sharp</u>, 2018 WL 705003, at *5 (D. Conn. Feb. 5, 2018).

### IV.     Conclusion

For the foregoing reasons, HighScope's <u>Motion to Transfer Venue</u> [Doc. No. 6] is GRANTED as to the request to transfer and the action is hereby transferred to the Eastern District of Michigan, Southern Division (Ann Arbor courthouse). The motion is DENIED as to the request for costs and attorney fees.

IT IS SO ORDERED

July 6, 2023                                                                     /s/ Indira Talwani
                                                                                         United States District Judge